IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01017-JLK

BREANNA DELK,

Plaintiff,

v.

DALE JORDAN, individually and in his official capacity as Deputy Sheriff, Alamosa County,
BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ALAMOSA,
DAVE STRONG, in his official capacity as Sheriff, Alamosa County, and
JOHN DOES 1-10, in their individual and official capacities as Deputy Sheriff, Alamosa County,

Defendants.

## MEMORANDUM OPINION AND ORDER ON MOTION TO DISMISS

**Kane, J.**

Plaintiff Breanna Delk alleges that she was sexually assaulted by Defendant Deputy Sheriff Dale Jordan while she was an inmate in the Alamosa County jail during 2013. Doc. 1 at ¶¶ 11-19. Plaintiff brings two 42 U.S.C. § 1983 claims against Dale Jordan, the Alamosa County Sheriff, the Board of County Commissioners of Alamosa County ("BOCC"), and Does 1-10, unknown Deputy Sheriffs alleged to have been involved in sexual assaults at the Alamosa County jail. Defendant BOCC has moved to dismiss the claims against it on the grounds that Plaintiff has not sufficiently alleged the elements of municipal liability. Doc. 11.

"A plaintiff suing a municipality under section 1983 for the acts of one of its employees must prove: (1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). In particular, the plaintiff

must sufficiently allege the following: (1) the existence of a continuing, persistent and widespread practice of unconstitutional misconduct by the municipality's employees; (2) deliberate indifference to or tacit approval of such misconduct by the municipality's policymaking officials after notice to the officials of that particular misconduct; and (3) that the plaintiff was injured by virtue of the unconstitutional acts pursuant to the custom and that the custom was the moving force behind the unconstitutional acts. *Salazar v. Castillo*, No. 12-cv-01481-JLK, 2013 WL 69154, at *5-6 (D. Colo. Jan. 7, 2013) (citing *Gates v. Unified Sch. Dist. No. 449*, 996 F.2d 1035, 1041 (10th Cir. 1993)). In addition, in order to establish municipal liability based on failure to train, the plaintiff must allege that the failure "results from 'deliberate indifference' to the injuries that may be caused." *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010).

      Defendant argues that BOCC does not have the legal authority to control the Sheriff or his deputies, and Plaintiff has not alleged any BOCC policy or custom, causal link between those policies and the constitutional violations alleged, or any deficiency in the County's training programs. Doc. 11 at 5-9. Plaintiff responds that it has alleged the existence of informal policies and customs, and that discovery should be allowed to further develop her allegations. Doc. 12 at 2-4.

      I find that Plaintiff has not alleged a claim for municipal liability against the BOCC. Plaintiff has alleged no specific facts regarding any formal or informal policy or custom of the County of Alamosa or the BOCC. Nor has Plaintiff made any specific allegations that the BOCC was on notice of any constitutional violations, or that it formally or informally ratified or approved any formal or informal policies regarding those violations. Plaintiff's only allegations regarding BOCC are formulaic recitations of the elements of municipal liability, and this will not

suffice to overcome a motion to dismiss.  *See* Doc. 1 at ¶¶ 36, 43, 46, 47, 49, 50; *Salazar*, 2013 WL 69154 at *6 ( "Plaintiff cannot state a plausible claim of municipal liability by identifying a single incident of alleged violations and then, without any further factual substantiation, contending that such actions were consistent with and caused by a municipal policy, procedure, or failure to train.").  Nor is it sufficient to argue that discovery may yet reveal evidence of the required elements.  *See id*. ("Whether discovery may yield evidence of an unconstitutional custom or usage, however, is not the legal standard.").  Accordingly, BOCC's motion to dismiss (Doc. 11) is **GRANTED**.  The BOCC is **DISMISSED** as a defendant in this action.

   Dated:  March 4, 2016                         *s/ John L. Kane*
                                                 Senior U.S. District Judge